J-S36009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DERRICK COBBS | |
| Appellant | No. 1399 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 28, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0002069-2010

BEFORE:  STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  March 28, 2023**

Appellant, Derrick Cobbs, appeals from the October 28, 2021 judgment of sentence imposing an aggregate five to ten years of incarceration for rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, and aggravated assault.[1]  We affirm.

The Commonwealth commenced this action by criminal complaint on May 7, 2010.  A jury trial commenced on November 2, 2010 and ended in a mistrial the next day.  The subsequent procedural history is lengthy, complex, and rife with irregularities.  During the three years following the mistrial, the parties litigated Appellant's motions for suppression of evidence, termination

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3121, 3123, 3124.1, and 2702.

of this prosecution for double jeopardy, and discovery of records. The trial court granted Appellant's discovery motion but denied the others.

On September 8, 2014, after an order setting trial for the November 2014 term, Appellant pled guilty to the aforementioned offenses. Also on that date, the trial court imposed the term of incarceration set forth above and referred the matter to the Sexual Offenders Assessment Board ("SOAB"). The sentence was to run concurrently to other sentences Appellant was already serving—an aggregate 21 to 45 years of incarceration for aggravated assault of a prison guard and drug possession. N.T. Guilty Plea, 9/8/14, at 8-9; N.T. Hearing, 9/30/19, at 24-28. Plea counsel questioned whether imposition of the term of incarceration should await the conclusion of the SOAB assessment and subsequent hearing to determine whether Appellant was a sexually violent predator ("SVP"),[2] but the trial court chose to impose the sentence of

_____

[2] At a subsequent hearing on his alleged ineffectiveness, plea counsel explained:

> Because the court began doing it that way because we had cases where we reached an agreement where they would have been taken off the plea list. The person did the guilty plea but was never – never received a sentence would undergo the Megan's Law assessment, then would come back, four, five, six months later and then the person would say, I want to withdraw my plea, and because they weren't sentenced, it was supposed to be liberally granted, and it was wreaking havoc with those types of cases.

incarceration and proceed with the SVP determination afterward. N.T. Guilty Plea, 9/8/14, at 4. Many of the complications in this matter arise from this fact.

On September 29, 2014, Appellant filed a *pro se* motion to withdraw his guilty plea, alleging that defense counsel pressured him to plead guilty against his wishes. The trial court denied the motion by order of October 20, 2014, without prejudice to file a counseled motion, as Appellant remained represented at the time.

On February 9, 2015, Appellant filed a premature *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. The trial court denied the petition by order of March 18, 2015, reasoning that Appellant's SVP status had yet to be determined and therefore his sentence was not final. The order did not reference the fact that Appellant remained represented by counsel when he filed the petition.

An evidentiary hearing on Appellant's SVP status was finally scheduled for March 27, 2017, but it was postponed at Appellant's request. On April 6, 2018, the trial court signed an order permitting Appellant to hire an expert, at the court's expense, to assist him in the SVP proceeding.

---

So this was the courts' response to try to bring some finality to not being able to just willy-nilly withdraw your plea simply because I want to.

N.T. Hearing, 9/30/19, at 42.

Subsequently, plea counsel filed a motion to withdraw. That motion was the subject of a May 24, 2018, hearing at which trial court granted counsel's motion and granted Appellant's request to proceed *pro se*. On January 24, 2019, however, the trial court appointed present counsel to assist Appellant in challenging his still-pending SVP determination.

On August 2, 2019, counsel filed a (premature) PCRA petition, purportedly amending the prior *pro se* petition, in which Appellant challenged the voluntariness of his plea, and asserted that prior defense counsel was ineffective for failing to file a motion to withdraw the plea. Even though Appellant's SVP determination remained outstanding, the trial court entertained the petition on the merits and conducted an evidentiary hearing on September 30, 2019. The trial court, after considering briefs from the parties, entered an order on December 23, 2020, directing the court administrator to schedule a hearing on Appellant's SVP status. The trial court denied relief on Appellant's challenges to the validity of his plea without prejudice to raise those issues again after the finalization of his judgment of sentence.

Notwithstanding all the foregoing, Appellant filed a counseled motion to withdraw his guilty plea on September 8, 2021. That motion was the subject of a hearing on October 28, 2021. At that hearing, the trial court opined in part as follows:

I mean, there's no doubt that, again there's no easy way to say this, but this case has been a mess for a long time. And none of that was [Appellant's] fault, as far as I can tell. [....]

The courts are very interested in whether – their [sic] concerned about using a plea as a sentence testing device. And year, I think it's correct given the fact that the SVP designation wasn't completed, it's not a final sentence yet. But that – If I can choose my words carefully, the technical sense that – if you go to the substance of what the law is supposed to do – you may get the sentence, he got everything but the fact that he didn't know if he had an SVP or not.

So my concern here is allowing him to withdraw the plea here, I'm, in the subsequent sentence, allowing this to be used as a sentence testing device.

N.T. Hearing, 10/28/21, at 12-13.

The trial court denied Appellant's motion to withdraw his plea, and the Commonwealth withdrew its request to have Appellant designated an SVP. *Id.* at 21. The trial court explained to Appellant that this brought the trial court proceedings to a close. *Id.* at 21-22. The trial court further explained that its order was not a re-sentencing, but a finalization of the sentence that had already been imposed more than seven years earlier.[3] *Id.* at 25. The

_____

[3] There is some confusion in the record as to whether Appellant served out his ten-year maximum term in this case prior to the October 28, 2021 hearing. Because the Commonwealth filed its criminal complaint in this matter in May of 2010, and because the trial court on September 8, 2014, imposed the present sentence to run concurrently with other, longer sentences Appellant was already serving, it is possible, depending on credit for time received, that Appellant has completed his sentence. The parties and the trial court acknowledged as much on the record but left the matter unresolved. N.T. Hearing, 10/28/21, at 4-5, 29-31. Proper computation of the running of Appellant's sentence is not within the purview of this Court. Regardless, as

trial court nevertheless expressly reinstated Appellant's post-sentence and appellate rights and explained those rights to him. *Id.* at 21-22; 27; 29. The trial court also noted that Appellant's rape conviction carried with it a lifetime registration requirement. *Id.* at 32.

Appellant filed this timely direct appeal on November 23, 2021. He presents two questions:

> I.   Whether the lower court erred in its denial of the amended PCRA petition when it failed to find plea counsel ineffective for failing to withdraw [Appellant's] guilty plea as [Appellant] requested him to do within the ten-day time frame?
>
> II.  Whether the lower court erred in not allowing Appellant to withdraw his guilty plea *nunc pro tunc*?

Appellant's Brief at 4.

The trial court addressed both questions and found that neither merited relief. Regarding Appellant's first question presented, the court found that review of counsel's effectiveness was appropriate on direct appeal in this case. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed that claims of ineffective assistance of counsel must be deferred to collateral review, with two limited exceptions. Pertinent for our purposes is the first of these: "[W]e appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel

this is a direct appeal, Appellant's possible completion of the original sentence is no impediment to our review.

ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[.]" *Id.* at 563. The *Holmes* Court gave trial courts discretion to review such claims. *Id.*

Instantly, the trial court found extraordinary circumstances based upon the procedural history of this case. The trial court noted the multiple motions and petitions Appellant filed challenging his guilty plea, and the numerous delays in finalizing Appellant's sentence, "which were in no way attributable to a lack of diligence on the part of [Appellant]." Trial Court Opinion, 2/2/22, at 12. "Thus, through no fault of his own, the [Appellant] suffered substantial delay in his ability to present issues of ineffective assistance of counsel and will suffer additional delay unless these issues are considered in this direct appeal." *Id.* at 12-13.

We are perplexed by this, inasmuch as Appellant filed a counseled motion to withdraw his guilty plea and a counseled, premature PCRA petition challenging the validity of his guilty plea. The trial court reviewed those filings and denied them on the merits. We therefore conclude that prior counsel's alleged ineffectiveness for failing to file a requested motion to withdraw Appellant's guilty plea is not properly before us on this direct appeal.[4] The trial court abused its discretion in concluding otherwise.

_____

[4] Counsel's failure to file a motion to withdraw the plea with in the "ten-day time frame," Appellant's Brief at 4, an apparent reference to the ten-day deadline for filing post-sentence motions (Pa.R.Crim.P. 720(A)), has no

We now turn to the merits of Appellant's attempt to withdraw his guilty plea, which Appellant addresses in his second question presented.[5] Rule 590 of the Pennsylvania Rules of Criminal Procedure governs guilty pleas and plea agreements, and the official comment thereto lists seven inquiries for the trial court to make at a plea colloquy. Pa.R.Crim.P. 590. Rule 591 permits withdrawal of a plea as follows: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, […] the withdrawal of a plea of guilty […] and the substitution of a plea of not guilty." Pa. R. Crim. P. 591(A). Thus, the standard for pre-sentence plea withdrawal is a very liberal one:

> (1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a fair-and-just reason will suffice to support a grant,

_____

bearing on the outcome of this appeal. As we discuss in more detail in the main text, Appellant's motion to withdraw lacked merit, as it was a sentence testing device in this case. Moreover, the trial court and the parties treated Appellant's sentence as non-final while the SVP hearing was pending. Thus, the ten-day period referenced in Appellant's first question presented did not commence until October 28, 2021. And, in an abundance of caution, the trial court reinstated Appellant's post-sentence and appellate rights on that date.

[5] The question presented, quoted in the main text, challenges the trial courts' refusal to permit plea-withdrawal *nunc pro tunc*. In substance, Appellant's argument addresses the merits of the plea withdrawal issue without addressing why Appellant believes *nunc pro tunc* relief was necessary. Because Appellant attempted to withdraw his plea while jurisdiction remained with the trial court, and because the trial court addressed the issue on the merits, we confine our analysis to the merits of the issue.

unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Garcia*, 280 A.3d 1019, 1023 (Pa. Super. 2022).

The standard for post-sentence withdrawal of a plea is much stricter:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since **courts strive to discourage entry of guilty pleas as sentence-testing devices.** A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Kehr*, 180 A.3d 754, 756–57 (Pa. Super. 2018) (emphasis added). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016).

Appellant believes we should consider his motion a pre-sentence motion to withdraw because his sex offender status was not final as of the dates of any of his various attempts to withdraw his plea. We disagree. The instant record reflects that Appellant never sought to withdraw his guilty plea until after the trial court imposed five to ten years of incarceration. Appellant's SVP determination was outstanding at the time of his various attempts to withdraw his plea, but the Commonwealth ultimately withdrew its request to have Appellant declared an SVP. Thus, while the parties and the court were treating

- 9 -

Appellant's judgment of sentence as nonfinal when he began seeking to withdraw his plea, he was aware of the term of incarceration. And the term of incarceration was never modified. Because the law discourages the use of guilty pleas as sentence-testing devices, and because Appellant did not seek to withdraw his plea in this case until after he was aware of his term of incarceration, we analyze his challenge under the post-sentence standard.

The trial court assessed Appellant's plea colloquy as follows:

In [Appellant's] case, a consideration of the totality of the circumstances leads to the conclusion that, despite an abbreviated colloquy, [Appellant] was fully cognizant of the nature of the guilty plea proceeding, the rights he was forfeiting by pleading guilty, and the consequences attendant to the entry of a guilty plea. Initially, it cannot be ignored that [Appellant's] guilty plea followed his recent experiences in participating in two jury trials in other cases which went to verdict. [Appellant] was represented in all of his cases by the same trial counsel who was well familiar with [Appellant's] concerns and intentions. [Appellant], having twice exercised his rights to a jury trial, did not require a detailed explanation of the process or nature of the constitutional right to a trial by jury. Focusing on the present case, [Appellant] had participated in the selection of a jury, listened to the court's opening instructions and counsels' opening arguments, and was able to observe the victim's full testimony before a mistrial was declared. It, therefore, cannot be said that [Appellant] was unaware of the facts which would be considered as a basis for his plea, having sat through the victim's detailed in-person testimony.

Additionally, prior to [Appellant's] entry of his plea, defense counsel reviewed with him the rights which are given up by pleading guilty, the nature of the charges, the possible defenses, and the consequences of entering a plea. At the time of [Appellant's] plea, the court, who was familiar with [Appellant] from his previous court appearances, reviewed the penalties with [Appellant] and the elements of the crimes to which he was pleading guilty. The court then offered [Appellant] an opportunity to ask questions but he replied that he had none. Although [Appellant] testified at the evidentiary hearing that he was not

- 10 -

aware that he was entering a plea of guilty to rape, this is contradicted by the record which reflects that the court specifically explained to [Appellant] that he was entering a plea to rape and that the Commonwealth would have to prove that [Appellant] engaged in sexual intercourse with the victim by force or threat of force. When the court asked whether he had any questions about the charges, [Appellant] answered that he did not.

Trial Court Opinion, 2/2/22, at 22-23.

On review, the record supports the trial court's conclusion that the totality of the circumstances reveals a knowing, intelligent, and voluntary plea. Though the colloquy was very short, Appellant was informed of the charges he was pleading to. Contrary to Appellant's argument, the trial court informed him he was pleading guilty to rape and explained what the Commonwealth would have to prove to obtain a conviction on that charge. N.T. Guilty Plea, 9/8/14, at 6. Appellant's claim that he believed he was pleading guilty to lesser offenses is belied by the record. Nor is there any evidence to support Appellant's assertion that he was coerced into the plea.

Further, defense counsel informed Appellant that, based on his past record, his guilty plea in this case would subject him to lifetime registration as a sex offender. N.T. Hearing, 9/30/19, at 31-32. Counsel explained to Appellant at the time of his plea that receiving his sentence prior to the SVP determination would make it more difficult to later withdraw his plea. *Id.* at 42-43. Defense counsel also testified that that the victim's testimony (which was complete before a mistrial was declared), played a role in the decision to plead guilty. N.T. Hearing, 9/30/19, at 23-24.

- 11 -

For these reasons, we believe, given the totality of the circumstances, that Appellant entered a knowing, intelligent, and voluntary plea. We discern no manifest injustice in the trial court's decision to deny Appellant's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023